IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS MANUEL SANTIAGO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-1455 |
| ) | |
| COMMONWEALTH OF PENNSYLVANIA, ) | |
| et al., ) | |
| ) | Judge David S. Cercone |
| Respondents. ) | |
| ) | Magistrate Judge |
| ) | Francis X. Caiazza |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by Carlos Manuel Santiago pursuant to the provisions of 28 U.S.C. § 2254 be dismissed because the court lacks subject matter jurisdiction. Also, it is recommended that a Certificate of Appealability be denied.

**II. REPORT**

The Petitioner, Carlos Manuel Santiago ("Santiago"), is a state prisoner incarcerated at the State Correctional Institution at Mercer, Pennsylvania ("SCI-Mercer"). Presently before this Court is his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1). In his federal habeas petition, Santiago claims that the Pennsylvania Board of Probation and Parole (the "Parole Board") violated his constitutional rights

1

because, in denying him parole, it has repeatedly relied upon an erroneous and/or fraudulently produced criminal record that inaccurately reflects that he was convicted of crimes in 1985. (Id. at 4-6, 9-10). Because Santiago has filed at least one previous federal habeas petition in which he raised this same claim and because that petition was decided on the merits, this court lacks subject matter jurisdiction because Santiago has not obtained permission from the Court of Appeals to file the instant federal petition. See 28 U.S.C. § 2244(b)(3)(A).

## A. Relevant Factual and Procedural Background

On February 23, 1994, Santiago was charged by a criminal Information in the Court of Common Pleas of Berks County with two counts of rape and indecent assault, and one count of statutory rape, indecent exposure, endangering the welfare of a child, and corruption of minors. (Ex. 1).[1] The Information alleged a continuing course of conduct involving these offenses against the same minor victim from "DECEMBER 1985 TO JUNE 1992." (Id.)

Pursuant to an agreement with the District Attorney of Berks County, Santiago entered a guilty plea to three counts of the Information: (1) statutory rape; (2) endangering the welfare of a child; and (3) corruption of minors. His guilty pleas covered conduct alleged in the Information, but were limited to that

---

[1] All Exhibits referenced herein are attached to the Respondents' Answer (Doc. 16).

2

conduct which occurred during the Summer of 1990. (Ex. 2). The Common Pleas Court sentenced him to an aggregate term of not less than four years nor more than fourteen years. His sentence had an effective date of June 7, 1994. His minimum sentenced expired on June 7, 1998, and his maximum sentence is due to expire on June 7, 2008. (Exs. 5 & 6).

Santiago's request for parole upon the expiration of his minimum sentence was denied by the Parole Board on May 28, 1998 (Ex. 7) and again on January 5, 1999. (Ex. 8). In its parole-refusal decisions, the Parole Board noted, *inter alia*, that Santiago presented difficulty accepting responsibility for his crimes and projected blame on the minor victim. The Parole Board also concluded that he demonstrated a continuing need for sex offender treatment. (Exs. 7-8).

At some point during his incarceration, Santiago concluded that his criminal history records maintained by the Pennsylvania State Police Central Repository inaccurately indicated that he was convicted of sex offenses committed in 1985. As noted above, although Santiago was charged with crimes related to conduct that allegedly occurred between 1985 and 1992, the charges to which he pled guilty covered only those criminal offenses that occurred in 1990. Although the Parole Board had not referred to any purported previous convictions in its parol-denial decisions, Santiago believed that the alleged inaccuracy influenced the

3

Parole Board's decision to deny him parole.

Santiago raised his concern with the Court of Common Pleas. On December 21, 1999, the court issued an order granting Santiago's Petition for Correction of Incorrect Information. The court directed that copies of the Transcript of Defendant's Guilty Plea (Ex. 3), and the Statement Accompanying Request to Enter a Guilty Plea (Ex. 2) be provided to the personnel at SCI-Mercer who, in turn, provided the same documents to the Parole Board -pursuant to the court's order- for use at Santiago's next parole evaluation. (Ex. 13). To unravel any possible confusion, the court also wrote:

> The aforementioned documents will show that although the Defendant was originally charged in his Information with crimes that were committed from 1985 through 1992, the Defendant was permitted at the time of his guilty plea to plead guilty only to offenses occurring in the summer of 1990. The State Board of Probation and Parole will amend their records accordingly and use this information in consideration of any future possibility of parole for the Defendant.

(Id.) On January 14, 2000, and again on February 1, 2001, the Parole Board denied Santiago's request for parole. (Exs. 9 & 10). The Parole Board did not reference any purported prior conviction in its reasons for denying parole in either decision. (Id.)

Next, Santiago, still believing that a purported 1985 conviction was interfering with his ability to be paroled, filed a Motion for Modification of Sentence *Nunc Pro Tunc* in the Court of Common Pleas of Berks County on March 9, 2001. The court

4

entered an Order, dated March 13, 2001, denying the motion. (Ex. 14). The court stated that the "Defendant's request for modification seems to be based on a claim that he was wrongfully held for a guilty plea taken on December 1, 1985 and that his failure to admit guilt for this guilty plea has resulted in the denial of his parole." (Ex. 14). The court also wrote:

> [W]e again emphasize for Defendant, the December 1, 1985 date listed on the documents supplied is not the date on which Defendant pled guilty; it is the date on which Defendant's crimes were originally alleged to have begun and therefore correct . . . . We have informed the [B]oard of Probation and Parole, the State Police[2] and Prison Authorities of this inaccuracy. They have informed us that they are aware of the inaccuracy and such inaccuracy will not prevent Defendant from getting parole.

(Id.)

Soon after the Common Pleas Court issued the Order set out immediately *supra*, Santiago filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. The petition was docketed at Civil Action No. 01-1940. In that petition, Santiago alleged, *inter alia*, that the Parole Board violated his constitutional rights by impermissibly basing its previous parole determination on his erroneous criminal history. (Ex. 18 at 8-9).

---

[2] On April 20, 2001, the Pennsylvania State Police Central Repository responded to Santiago's challenge to his criminal history. (Ex. 15). It informed him: "We have court documentation stating you plead guilty only to the offenses that occurred in the summer of 1990. We have changed your criminal history to show you plead guilty only to the charges that occurred during the summer of 1990." (Id.)

5

On December 18, 2001, the Honorable William H. Yohn, Jr., issued a Memorandum and Order dismissing the petition and he declined to grant a certificate of appealability. (Ex. 19). Judge Yohn concluded that Santiago was not entitled to habeas relief on his parole denial claim. (Id. at 14-17). He construed the claim to allege a violation of the Fourteenth Amendment Due Process Clause. (Id. at 15). He observed that the Common Pleas Court and the Pennsylvania State Police corrected the alleged inaccurate criminal records and that Santiago's files no longer contain the inaccuracy. (Ex. 19 at 6 n.6, 6-7). He then determined that Santiago's argument in which he claims that his parole denial was unconstitutionally predicated on the Parole Board's consideration of the alleged erroneous criminal history was without merit. (Id. at 16-17). Finally, he concluded that "the [Parole Board] had a rational basis for denying petitioner parole, and accordingly [the] decision comported with the requirements of due process." (Id. at 17).

Santiago appealed Judge Yohn's Memorandum and Order to the United States Court of Appeals for the Third Circuit. On October 9, 2002, the Court of Appeals declined to issue a certificate of appealability and dismissed the appeal. (Ex. 20). On April 30, 2003, the Parole Board denied Santiago parole for the fifth time. (Ex. 11). It listed the following reasons for its decision: (1) "your version of the nature and circumstances of the

6

offense(s) committed"; (2) "your refusal to accept responsibility for the offense(s) committed"; (3) "your lack of remorse for the offense(s) committed; (4) "your interview with the hearing examiner and/or Board member"; and (5) "your lack of benefit from sex offender program." (Id.)  In making its decision, the Parole Board did not refer to any purported 1985 conviction.

On January 26, 2004, Santiago filed a document at Civil Action No. 01-1940 in the Eastern District Court entitled "MOTION FOR COMPLAINT AT LAW / AND CASE REVIEW BEFORE THE UNITED STATES DISTRICT COURT." (Doc. 1).  Judge Yohn entered an order on January 29, 2004, indicating that the document was to be filed as a new action under 28 U.S.C. § 2254 and assigned to him as a related case to Civil Action No. 01-1940. (Ex. 21).  The case was assigned Civil Action No. 04-418; Judge Yohn referred it to Magistrate Judge Diane M. Welsh for a Report and Recommendation. (Doc. 7).

On July 16, 2004, Magistrate Judge Welsh issued a Report and Recommendation. (Doc. 8).  She recognized that Santiago was incarcerated in Berks County during the pendency of Civil Action No. 01-1940, but that when he filed the present action, he was incarcerated in Mercer, Pennsylvania, which is located within the boundary of the United States District Court for the Western District of Pennsylvania ("Western District"). (Id. at 3 n.2).  Accordingly, she recommended that the case be transferred to the

7

Western District because it's the site of Santiago's incarceration. (<u>Id.</u> at 6). On August 13, 2004, Judge Yohn approved and adopted Magistrate Judge Welsh's Report and Recommendation and transferred the case to the Western District. (Doc. 9).

**B.     Second or Successive Petitions**

In the instant federal habeas petition, Santiago is restating the same claim he made in his prior habeas corpus petition; *i.e.,* that the Parole Board has denied him parole because it impermissibly relied upon an erroneous and/or fraudulently produced criminal record that inaccurately reflects that he was convicted of crimes in 1985. (<u>See</u> Docs. 1, 17). Almost all of the evidence that Santiago relies upon in his current petition was before Judge Yohn in his prior habeas action in the Eastern District Court.  The only additional evidence before this Court is: 1) Santiago's most recent parole denial (dated April 30, 2003); and (2) a record from the United States Department of Justice ("DOJ"), dated August 6, 2003, which confirms that he was not convicted of offenses that occurred in 1985.  Neither of these documents make this claim in the instant federal petition materially different from the claim he raised in his previous petition.

To the extent that Santiago references his most recent parole denial at all, it is only to complain that the Parole

8

Board continues to rely on inaccurate and/or fraudulently produced criminal records. (Doc. 17 at 2). However, Judge Yohn noted in his December 2001 Memorandum and Order that the Common Pleas Court and the Pennsylvania State Police corrected the alleged inaccurate criminal records and that Santiago's files no longer contain the inaccuracy. (Ex. 19 at 6 n.6, 6-7). Judge Yohn then determined that Santiago's argument in which he claims that his parole denial was unconstitutionally predicated on the Parole Board's consideration of the alleged erroneous criminal history was without merit. (Id. at 16-17). Accordingly, Judge Yohn rejected the claim that Santiago has made in the instant petition. As for the DOJ's August 2003 record, it is merely additional and cumulative documentary evidence that confirms an issue that was not in dispute in either Santiago's 2001 habeas proceeding or in this proceeding; i.e., that he was not convicted of offenses that occurred in 1985.

Because the instant petition is Santiago's second federal habeas corpus petition, it is subject to the certification requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3]

---

[3] Neither party has raised the "second or successiveness" issue; however this Court must address the issue *sua sponte* because it implicates this Court's subject matter jurisdiction. Benchoff v. Colleran, 404 F.3d 812, 815 (3d Cir. 2005) (quoting Robinson v. Johnson, 313 F.3d 128, 138 (3d Cir. 2002) ("Most courts that have considered the issue treat the successiveness issue as comparable to the defense that the courts lacks jurisdiction of the subject matter."))

28 U.S.C. § 2244(b)(1). Section 2244 establishes the procedural and substantive requirements which govern "second or successive" habeas petitions. See e.g., Benchoff, 404 F.3d at 816. As the Court of Appeals for the Third Circuit recently explained, § 2244(b) "establishes a gatekeeping mechanism that requires a prospective applicant to file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." Id. (internal citations and quotations omitted) "Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements." Id. (citing 28 U.S.C § 2244(b)(3)(D))

The allocation of gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A) of AEDPA has essentially divested the district courts of subject matter jurisdiction over habeas petitions that are second or successive filings within the meaning of that particular subsection. See, e.g., Robinson, 313 F.3d at 140 ("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals.")

A review of the computerized dockets of the Court of Appeals for the Third Circuit shows that Santiago has not sought nor

10

received from the appeals court permission to file a second or successive petition. Therefore, Santiago's instant habeas petition must be dismissed because this court lacks subject matter jurisdiction. Benchoff, 404 F.3d at 815; Robinson, 313 F.3d at 140; see also Rule 9 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("[a] second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits.")

### III. **CONCLUSION**

It is recommended that, pursuant to 28 U.S.C. § 2244(b) and Rule 9 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Petition for Writ of Habeas Corpus be DISMISSED because Santiago failed to move for and receive from the United States Court of Appeals for the Third Circuit an order authorizing the District Court to consider this successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). It is further recommended that a certificate of appealability should not issue, because "jurists of reason" would not find the correctness of this procedural ruling "debatable." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this Report and Recommendation.

Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                                Francis X. Caiazza
                                                United States Magistrate Judge

Dated: October 26, 2005.


cc:   The Honorable David S. Cercone

      All Parties of Record